Dallas Taylor
+1.212.692.6803
DGTaylor@mintz.com



919 Third Avenue
New York, NY  10022
212 935 3000
mintz.com

January 25, 2024

**Via ECF**

Honorable Gary R. Brown
United States District Judge
United States District Court for the
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>UMB Bank, N.A. v. Amsterdam House Continuing Care Retirement Community, Inc.,</u> No. 2:23-cv-09226 (GRB)

Dear Judge Brown:

      I write on behalf of UMB Bank, N.A. (the "<u>Bond Trustee</u>"), appellant in the above-captioned bankruptcy appeal, to request that the Court reconsider its January 25, 2024 Order deeming the Bond Trustee's appellate brief withdrawn inasmuch as it exceeds 30 pages, and instead accept for filing the Bond Trustee's brief as filed on January 18, 2024. *See* Dkt. No. 13.

      The Bond Trustee's brief complies with the length limitations for principal appellate briefs set forth in Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and Rule 8015 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), enclosed.

      Under Local Civil Rule 7.1(c), unless this Court orders otherwise, "appellate briefs on bankruptcy appeals shall comply with the briefing format and length specifications set forth in Federal Rules of Bankruptcy Procedure 8015 to 8017." Concerning length, Bankruptcy Rule 8015(a)(7) provides in pertinent part: "[a] principal brief must not exceed 30 pages . . . unless it contains a certificate under Rule 8015(h) and: contains no more than 13,000 words . . . ." Fed. R. Bankr. P. 8015(a)(7); *see also* Fed. R. Bankr. P. 8015(f) ("A district court or BAP must accept documents that comply with the form requirements of this rule and the length limits set by Part VIII of these rules.").

      The Court has not ordered that the requirements set out in Bankruptcy Rule 8015 do not apply here. And, as set forth in the Bond Trustee's certificate under Rule 8015(h), *see* Dkt. 13 at 58, the Bond Trustee's brief complies with the word limit, typeface, and typestyle requirements of Bankruptcy Rule 8015(a) because it was prepared in size 14 Times New Roman font and,

excluding the parts of the document exempted by Bankruptcy Rule 8015(g), it contains 12,931 words.

For these reasons, the Bond Trustee respectfully requests that this Court reconsider its January 25, 2024 Order, and accept for filing the Bond Trustee's brief as filed on January 18, 2024.

Respectfully submitted,

**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.**


*/s/ Dallas G. Taylor*
Dallas G. Taylor

*Counsel to UMB Bank, N.A., as Bond Trustee*


Enclosure: Bankruptcy Rule 8015

# USCS Bankruptcy R 8015

Current through changes received December 19, 2023.

*USCS Federal Rules Annotated > Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms > Part VIII. Appeals to District Court or Bankruptcy Appellate Panel*

## Rule 8015. Form and Length of Briefs; Form of Appendices and Other Papers

**(a) Paper copies of a brief.** If a paper copy of a brief may or must be filed, the following provisions apply:

(1) *Reproduction.*

(A) A brief may be reproduced by any process that yields a clear black image on light paper. The paper must be opaque and unglazed. Only one side of the paper may be used.

(B) Text must be reproduced with a clarity that equals or exceeds the output of a laser printer.

(C) Photographs, illustrations, and tables may be reproduced by any method that results in a good copy of the original. A glossy finish is acceptable if the original is glossy.

(2) *Cover.* The front cover of a brief must contain:

(A) the number of the case centered at the top;

(B) the name of the court;

(C) the title of the case as prescribed by Rule 8003(d)(2) or 8004(c)(2);

(D) the nature of the proceeding and the name of the court below;

(E) the title of the brief, identifying the party or parties for whom the brief is filed; and

(F) the name, office address, telephone number, and e-mail address of counsel representing the party for whom the brief is filed.

(3) *Binding.* The brief must be bound in any manner that is secure, does not obscure the text, and permits the brief to lie reasonably flat when open.

(4) *Paper size, line spacing, and margins.* The brief must be on 8½-by-11 inch paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.

(5) *Typeface.* Either a proportionally spaced or monospaced face may be used.

(A) A proportionally spaced face must include serifs, but sans-serif type may be used in headings and captions. A proportionally spaced face must be 14-point or larger.

(B) A monospaced face may not contain more than 10½ characters per inch.

(6) *Type styles.* A brief must be set in plain, roman style, although italics or boldface may be used for emphasis. Case names must be italicized or underlined.

(7) *Length.*

(A) *Page limitation.* A principal brief must not exceed 30 pages, or a reply brief 15 pages, unless it complies with subparagraph (B).

    **(B)** *Type-volume limitation.*

        **(i)** A principal brief is acceptable if it contains a certificate under Rule 8015(h) and:

- contains no more than 13,000 words; or
- uses a monospaced face and contains no more than 1,300 lines of text.

        **(ii)** A reply brief is acceptable if it includes a certificate under Rule 8015(h) and contains no more than half of the type volume specified in item (i).

        **(iii)** Headings, footnotes, and quotations count toward the word and line limitations. The corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and any certificates of counsel do not count toward the limitation.

**(b) Electronically filed briefs.** A brief filed electronically must comply with subdivision (a), except for (a)(1), (a)(3), and the paper requirement of (a)(4).

**(c) Paper copies of appendices.** A paper copy of an appendix must comply with subdivision (a)(1), (2), (3), and (4), with the following exceptions:

    **(1)** An appendix may include a legible photocopy of any document found in the record or of a printed decision.

    **(2)** When necessary to facilitate inclusion of odd-sized documents such as technical drawings, an appendix may be a size other than 8½-by-11 inches, and need not lie reasonably flat when opened.

**(d) Electronically filed appendices.** An appendix filed electronically must comply with subdivision (a)(2) and (4), except for the paper requirement of (a)(4).

**(e) Other documents.**

    **(1)** *Motion.* Rule 8013(f) governs the form of a motion, response, or reply.

    **(2)** *Paper copies of other documents.* A paper copy of any other document, other than a submission under Rule 8014(f), must comply with subdivision (a), with the following exceptions:

        **(A)** A cover is not necessary if the caption and signature page together contain the information required by subdivision (a)(2).

        **(B)** Subdivision (a)(7) does not apply.

    **(3)** *Other documents filed electronically.* Any other document filed electronically, other than a submission under Rule 8014(f), must comply with the appearance requirements of paragraph (2).

**(f) Local variation.** A district court or BAP must accept documents that comply with the form requirements of this rule and the length limits set by Part VIII of these rules. By local rule or order in a particular case, a district court or BAP may accept documents that do not meet all the form requirements of this rule or the length limits set by Part VIII of these rules.

**(g) Items excluded from length.** In computing any length limit, headings, footnotes, and quotations count toward the limit, but the following items do not:

- the cover page;
- disclosure statement under Rule 8012;
- table of contents;
- table of citations;
- statement regarding oral argument;
- addendum containing statutes, rules, or regulations;

- certificates of counsel;
- signature block;
- proof of service; and
- any item specifically excluded by these rules or by local rule.

**(h) Certificate of compliance.**

**(1)** *Briefs and documents that require a certificate.* A brief submitted under Rule 8015(a)(7)(B), 8016(d)(2), or 8017(b)(4)—and a document submitted under Rule 8013(f)(3)(A), 8013(f)(3)(C), or 8022(b)(1)—must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The individual preparing the certificate may rely on the word or line count of the word processing system used to prepare the document. The certificate must state the number of words—or the number of lines of monospaced type—in the document.

**(2)** *Acceptable form.* The certificate requirement is satisfied by a certificate of compliance that conforms substantially to the appropriate Official Form.

# History

As amended March 30, 1987, eff. Aug. 1, 1987; March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014; April 26, 2018, eff. Dec. 1, 2018; April 27, 2020, eff. Dec. 1, 2020.

USCS Federal Rules Annotated
Copyright © 2024 All rights reserved.

End of Document